## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAY MCMILLIAN,** | ) |
| | ) |
| **Plaintiff,** | ) Case No.: 19-cv-2665 |
| | ) |
| vs. | ) |
| | ) |
| **BP SERVICE, LLC** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW,** the Plaintiff, Jay McMillian, by and through counsel, and hereby sets forth his claims for violations of the Fair Labor Standards Act ("FLSA") as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant, BP Service, LLC for unpaid overtime wages and related penalties and damages. It was Defendant's practice and policy to willfully fail and refuse to properly pay all overtime compensation due and owing to Plaintiff, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

2. At all relevant times, the FLSA required Defendant to pay the Plaintiff an hourly overtime rate of one and one-half times his hourly "regular rate" for work in excess of 40 hours during work weeks.

3. Defendant's pay practices and policies, as described herein, were in direct violation of the FLSA. Plaintiff seeks overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## THE PARTIES

4. Plaintiff Jay McMillian resides in Independence, Missouri.

5. Defendant BP Service, LLC ("BP Service") is a Kansas for-profit corporation doing business in the State of Kansas.

6. BP Service is a gas station, convenience store, and automobile service station located at 10700 W. 87th Street, Lenexa, Johnson County, Kansas 66214.

7. Defendant is Plaintiff's employer under the FLSA.

## DEFENDANTS' COMPENSATION PRACTICES

8. Plaintiff was employed by Defendant as a store clerk from approximately January 2010 until approximately August 21, 2019.

9. As a store clerk of a gas station convenience store, Plaintiff performed general cashier duties with no supervisory authority over, or authority to hire, fire, or promote other employees of Defendant.

10. Prior to September 2018, Defendant paid Plaintiff a purported salary of approximately $650 per week. Such purported salaried varied throughout Plaintiff's employment due to various pay raises Plaintiff received.

11. Prior to September 2018, Defendants required Plaintiff to work approximately fifty (50) or more hours each week.

12. Occasionally, however, prior to September 2018, Plaintiff worked less than fifty (50) hours in a work week. On such occasions, Defendant reduced Plaintiff's purported salary.

13. During this time, by establishing a straight salary as Plaintiff's compensation without regard to the number of hours Plaintiff worked during relevant work weeks, Defendant

failed to pay Plaintiff any overtime premium rate of pay of one-half times his regular rate for work performed in excess of forty hours during the relevant work weeks.

14. From approximately September 2018 until approximately August 21, 2019, Defendant paid Plaintiff on an hourly basis. Defendant paid Plaintiff an hourly rate of $13 per hour.

15. From approximately September 2018 until approximately August 21, 2019, Defendant required Plaintiff to work forty-five (45) hours each week.

16. During this time, Defendant failed to pay Plaintiff an overtime premium of one-half times his regular rate, or $6.50, for all hours worked over forty in a work week.

17. Plaintiff suffered damages for unpaid overtime wages.

## JURISDICTION AND VENUE

18. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

19. The United States District Court for the District of Kansas has personal jurisdiction because Defendant conducts business within this District.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as the Defendant conducts business within this District, and the causes of action set forth herein have arisen, in part, and occurred, in part, within this District.

## COUNT I
*Fair Labor Standards Act*

21. Plaintiff hereby incorporates all of the above paragraphs in this Complaint as if fully set forth herein.

22. At all relevant times, Defendant was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the

FLSA, 29 U.S.C. § 203.

23. At all times relevant herein, Defendant have had annual gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

24. At all relevant times, the FLSA required each covered employer, such as each of the Defendants, to compensate all non-exempt employees for overtime compensation at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

25. As described herein, Defendant had a practice of failing to pay the Plaintiff overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week.

26. The Defendant's failure to pay the Plaintiff overtime compensation constitute violations of the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

27. The foregoing conduct constituted willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

28. The Plaintiff seeks damages in the amount of all respective unpaid overtime compensation, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff prays for relief as follows:

a. An award of damages against Defendant for unpaid overtime compensation due to the Plaintiff, plus liquidated damages thereon;

b. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

c.  Pre-Judgment and Post-Judgment interest, as provided by law; and

d.  Any and all such other and further relief as this Court deems necessary, just and proper.

## Demand for a Jury Trial

Plaintiff hereby requests for a trial by jury on all issues triable by jury.

## Designated Place of Trial

Plaintiff hereby designates the place of trial as follows:  Kansas City, Kansas.

Respectfully submitted,

**BRADY & ASSOCIATES**

*s/Sara T. Ballew*
Sara T. Ballew, KS #25787
Mark A. Kistler, KS #17171
10985 Cody Street, Suite 135
Overland Park, KS 66210
(913) 696-0925
(913) 696-0468 *(Facsimile)*
sballew@mbradylaw.com
mkistler@mbradylaw.com

**ATTORNEYS FOR PLAINTIFF**