# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAY McMILLIAN,

    Plaintiff,

v.

BP SERVICE, LLC,

    Defendant.

Case No. 19-2665-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiff Jay McMillian filed this lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, alleging unlawful pay practices against defendant BP Service, LLC. Doc. 1. This matter comes before the court on the parties' Joint Motion for Approval of Fair Labor Standards Act Settlement (Doc. 8). For reasons explained below, the court denies the parties' motion but without prejudice to refiling.

    **I.    Background**

Plaintiff worked as a store clerk in defendant's gas station and convenience store in Lenexa, Kansas, from January 2010 to August 21, 2019. Doc. 1 at 2 (Compl. ¶ 8). The Complaint alleges that defendant failed to pay plaintiff overtime compensation for all hours worked over forty hours in a work week. *Id.* at 3 (Compl. ¶ 16). Plaintiff filed his Complaint on October 29, 2019. On November 21, 2019, the parties began settlement discussions. Doc. 8 at 2. On November 26, 2019, plaintiff provided a settlement demand to defendant. *Id.* And, on December 10, 2019, the parties reached agreement to settle the case. *Id.*

## II. Legal Standards

### A. FLSA Settlement

The parties to an FLSA action must present a settlement of those claims to the court to review and determine whether the settlement is fair and reasonable. *Barbosa v. Nat'l Beef Packing Co., LLC.*, No. 12-2311-KHV, 2015 WL 4920292, at *3 (D. Kan. Aug. 18, 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). "To approve an FLSA settlement, the [c]ourt must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned." *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1354).

The court may enter a stipulated judgment in an FLSA action "only after scrutinizing the settlement for fairness." *Id.* (citing *Peterson v. Mortg. Sources*, *Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011)); *see also Tommey v. Comput. Scis. Corp.*, No. 11-CV-02214-EFM, 2015 WL 1623025, at *1 (D. Kan. Apr. 13, 2015) (citation omitted). "If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the [c]ourt may approve the settlement to promote the policy of encouraging settlement of litigation." *Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 5306273, at *2 (D. Kan. Oct. 29, 2012) (citing *Lynn's Food Stores*, 679 F.2d at 1354).

### B. Attorneys' Fees Under the FLSA

The FLSA requires the parties to include in the settlement agreement an award of reasonable attorneys' fees and the costs of the action. 29 U.S.C. § 216(b); *see also McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436 (D. Kan. Jan. 5, 2011), at *2 (citing *Lee v. The Timberland Co.*, No. C 07-2367-JF, 2008 WL 2492295, at *2 (N.D. Cal. June 19,

2008)). The court has discretion to determine the amount and reasonableness of the fee, but a FLSA fee award is mandatory. *Barbosa*, 2015 WL 4920292, at *4 (citations omitted).

**III.    Analysis**

The parties have filed a Joint Motion for Approval of Fair Labor Standards Act Settlement (Doc. 8). In their motion, the parties ask the court to approve the parties' Settlement Agreement (Doc. 8-1). As explained above, when parties settle FLSA claims, they must present the settlement to the court to review and decide whether the settlement is fair and reasonable. *Tommey*, 2015 WL 1623025, at *1; *see also Gambrell*, 2012 WL 5306273, at *2 ("When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable." (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353)). To approve an FLSA settlement, the court must determine whether: (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties, and (3) the proposed settlement contains an award of reasonable attorneys' fees. *Barbosa*, 2015 WL 4920292, at *5 (citing *McCaffrey*, 2011 WL 32436, at *2). The court addresses each consideration below.

**A. Bona Fide Dispute**

Before approving a settlement of FLSA claims, the parties must submit sufficient information for the court to find that a bona fide dispute exists. *McCaffrey*, 2011 WL 32436, at *4 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). To satisfy this obligation, the parties must provide the court with: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employee's right to a minimum wage or overtime; (4)

3

the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each parties' estimate of the number of hours worked, and the applicable wage. *Id.* The parties' motion provides the court with this information. Doc. 8 at 3–5.

Here, the parties assert that a bona fide dispute exists about plaintiff's exempt status under the FLSA. *Id.* at 3–4. Defendant denies the Complaint's allegations, arguing that the FLSA did not require it to pay plaintiff overtime compensation because plaintiff's job duties fell within the FLSA's executive exemption. *Id.* at 3. Plaintiff disagrees. He argues this exemption doesn't apply to him because he never had authority to hire or fire employees. *Id.* at 3–4. The parties also dispute the number of overtime hours plaintiff worked. *Id.* at 3–5.

Plaintiff worked as store clerk at defendant's gas station convenience store from January 2010 until August 21, 2019. Doc. 1 at 2 (Compl. ¶ 8). From the beginning of his employment until about September 2018, defendant paid plaintiff on a salary basis. Doc. 8 at 4. Plaintiff's salary increased throughout his employment because of periodic raises, and he earned between $575 and $650 per week. Doc. 1 at 2 (Compl. ¶ 10); Doc. 8 at 4. The Complaint alleges that from October 29, 2016 to September 14, 2018, plaintiff worked about 50 hours per week. *Id.* (Compl. ¶ 11). And, it alleges, defendant failed to pay plaintiff overtime compensation when he worked more than 40 hours per week. *Id.* at 2–3 (Compl. ¶ 13). Plaintiff asserts that defendant failed to pay him a total of $5,717.90 in overtime compensation during this period. Doc. 8 at 4. Defendant denies that the FLSA required it to compensate plaintiff for overtime hours because, it argues, plaintiff fell within the FLSA's executive exemption. *Id.*

Beginning on September 15, 2018, defendant began compensating plaintiff on an hourly basis. *Id.*; *see also* Doc. 1 at 3 (Compl. ¶ 14). The Complaint alleges that plaintiff worked 45 hours per week from September 2018 until August 21, 2019, and that defendant failed to pay

4

plaintiff overtime compensation. Doc. 1 at 3 (Compl. ¶ 16). Plaintiff asserts that he is entitled to $1,315.69 in overtime wages accruing in this time period. Doc. 8 at 4. Defendant disputes that the FLSA entitles plaintiff to overtime wages, again arguing that he fell within the FLSA's executive exemption. *Id.* Plaintiff alleges total unpaid overtime wages of $7,033.59. *Id.* He seeks total liquidated damages of $14,067.18. *Id.* In sum, the parties submit that a bona fide dispute exists over plaintiff's entitlement to overtime wages, and, if so, how much defendant owes him in back wages. The court agrees. The claims and defenses asserted by the parties frame a bona fide FLSA dispute.

### B. Fair and Equitable

The court next considers whether the proposed settlement is fair and equitable. "To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employee and must not frustrate the FLSA policy rationales." *Solis v. Top Brass, Inc.*, No. 14-cv-00219-KMT, 2014 WL 4357486, at *3 (D. Colo. Sept. 3, 2014). To determine if a proposed settlement is fair and equitable, courts regularly examine the factors that apply to proposed class action settlements under Rule 23(e). *Barbosa v. Nat'l Beef Packing Co., LLC*, No. 12-2311-KHV, 2014 WL 5099423, at *5 (D. Kan. Oct. 10, 2014); *Tommey*, 2015 WL 1623025, at *2. Those factors include:

> (1) whether the proposed settlement has been fairly and honestly negotiated, (2) whether serious questions of law and fact exist, which place the ultimate outcome of the litigation in doubt, (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation and and (4) the judgment of the parties that the settlement is fair and reasonable.

*Barbosa*, 2014 WL 5099423, at *5; *Tommey*, 2015 WL 1623025, at *2. "If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the [c]ourt may approve the settlement to promote the policy

of encouraging settlement of litigation." *Gambrell*, 2012 WL 5306273, at *2 (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

The parties assert they have satisfied all four factors. *First*, the parties submit that they fairly and honestly negotiated the settlement, with each party advocating its position in settlement discussions. *Second*, the parties submit that this case presents substantial questions of law and fact. A question exists whether plaintiff fell within the FLSA's executive exemption. The parties also dispute the number of overtime hours plaintiff worked. Both of these questions place the ultimate outcome of the litigation in doubt. *Third*, the Settlement Agreement provides value in the form of an immediate recovery to plaintiff. That certain outcome, plaintiff has decided, is more desirable than uncertain future relief after protracted and expensive litigation. The parties assert that if the matter were to proceed, they would incur significant expenses conducting discovery. These dynamics convince the court that the putative settlement provides immediate recovery for plaintiff. *Finally*, the parties assert that the Settlement Agreement is fair and reasonable. After negotiations, they have agreed to a resolution that compensates plaintiff for his alleged unpaid overtime wages. Based on the parties' representations, the court concludes that the proposed Settlement Agreement fairly and equitably resolves the parties' disagreements.

### C. Attorneys' Fees

Plaintiff's counsel seeks an award of $5,347.40 in fees and expenses. Doc. 8 at 6. To determine the fee award's reasonableness, "[t]he Tenth Circuit applies a hybrid approach, which combines the percentage fee method with the specific factors traditionally used to calculate the lodestar." *Barbosa*, 2015 WL 4920292, at *7 (first citing *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995); then citing *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994)). This method calls the court to calculate a lodestar amount, "which represents the number of

hours reasonably expended multiplied by a reasonable hourly rate." *Solis*, 2014 WL 4357486, at *4 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (further citation omitted)); *see also Hobbs v. Tandem Envtl. Sols., Inc.*, No. 10-1204-KHV, 2012 WL 4747166, at *3 (D. Kan. Oct. 4, 2012). The parties represent that the lodestar amount is $4,125.00, plus expenses of $465.00. Doc. 8 at 7.

But the hybrid approach also requires the court to consider the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). Barbosa, 2015 WL 4920292, at *7. Those factors are: (1) time and labor required; (2) novelty and difficulty of the questions presented in the case; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at *8 (first citing *Rosenbaum*, 64 F.3d at 1445; then citing *Johnson*, 488 F.2d at 717–19). The parties have provided the court with no information permitting it to apply the *Johnson* factors. The court thus cannot evaluate the reasonableness of the proposed award. **The court directs the parties—if they wish to proceed with their settlement—to file a renewed Motion for Approval of Fair Labor Standards Act Settlement—providing the court with the information on the *Johnson* factors—within 15 days of the Order.**

### IV. Conclusion

The court finds the Settlement Agreement as a fair and equitable settlement of a bona fide dispute. But the court denies the parties' request for $5,347.40 in attorneys' fees and expenses

for plaintiff's counsel, because the parties have provided no information to apply the *Johnson* factors. The court directs the parties to submit information on the *Johnson* factors as part of a renewed motion for settlement approval within 15 days of the Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' Joint Motion for Approval of Fair Labor Standards Act Settlement (Doc. 8) is denied but without prejudice to refiling a renewed motion, comporting with the findings and conclusion of this Order.

**IT IS SO ORDERED.**

**Dated this 28th day of February, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**