# EXHIBIT 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims, along with all exhibits hereto (collectively, the "Settlement Agreement"), is entered into by and between BP Service, LLC ("Defendant") and Jay McMillian ("Plaintiff"), in the case of *Jay McMillian vs. BP Service, LLC*, Case No. 19-cv-2665, filed in the United States District Court for the District of Kansas (the "Lawsuit").

## RECITALS

WHEREAS, on October 29, 2019, the Plaintiff filed this lawsuit pursuant to 29 U.S.C. § 201, *et seq.* of the Fair Labor Standards Act ("FLSA") against BP Service, LLC (Doc. 1).

WHEREAS, on November 26, 2019, the parties began discussing resolving this matter via telephone and Plaintiff provided a settlement demand to Defendant.

WHEREAS, after discussing the strengths and defenses of their claims, the parties reached an agreement to settle the case on December 10, 2019.

WHEREAS, Defendant denies all of the allegations in the Lawsuit and any and all liability and damages of any kind to Plaintiff with respect to the alleged facts or causes of action asserted in the Lawsuit.

WHEREAS, the parties recognize that the outcome in the Lawsuit is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time and expense.

WHEREAS, Plaintiff and his counsel, Brady & Associates, ("Plaintiff's Counsel"), have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit to determine how best to serve the interests of Plaintiff and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the

settlement as provided in this Settlement Agreement is in the best interests of Plaintiff and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit.

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

## AGREEMENT

1. <u>Settlement Proceeds</u>.  Defendant agrees to pay McMillian twelve-thousand seven hundred sixty one dollars and no cents ($12,671.00) as follows: (a) one settlement check payable to Brady & Associates in the amount of five thousand three hundred forty seven dollars and forty cents ($5,347.40); (b) one settlement check in the amount of three thousand six hundred sixty one dollars and eighty cents ($3,661.80) payable to McMillian for the settlement of his alleged unpaid overtime wages, which shall be reported on an IRS Form W-2, less applicable taxes and other wage withholdings; and (c) one settlement check in the amount of three thousand six hundred sixty one dollars and eighty cents ($3,661.80) payable to McMillian for alleged liquidated damages pursuant to the FLSA (and/or state overtime laws) and/or any other alleged non-wage claims for damages, which shall be reported on an IRS Form 1099 without any deduction for taxes or other withholdings. Defendant agrees to deliver payment within 10 days of the date of the Court's Order, approving this Settlement Agreement.

2. <u>Court Approval</u>.  Plaintiff's Counsel will take the lead in preparing a motion and associated pleadings to obtain Court approval of this settlement, and counsel for the parties will work cooperatively to finalize the motion and associated pleadings in an agreed-upon form for submission to the Court.  Plaintiff's Counsel will submit a joint motion to the Court for final

approval of this Settlement Agreement. The parties will cooperate and take all necessary steps to effectuate judicial approval of the Settlement Agreement. The parties agree that this settlement is contingent upon the approval of the Settlement Agreement in its entirety. In the event that the Court does not approve this Settlement Agreement, the parties agree to continue to negotiate in good faith over an alternative settlement.

3. <u>Complete General Release</u>. In exchange for the payments and promises set forth herein, McMillian agrees to forever and fully release, acquit and forever discharge Defendant, as well as any and all of its past or present officers, directors, shareholders, principals, heirs, attorneys, affiliates, subsidiaries, insurers, successors, predecessors, and assigns from any and all legal, equitable or other claims, counterclaims, actions, causes of actions, injuries or damages, known or unknown, existing at any time prior to this Agreement and up to the date of this Agreement, including without limitations, all claims asserted or that could have been asserted in this Lawsuit, including claims under the FLSA and Kansas State Law wage and hour claims.

4. <u>Choice of Law</u>. The enforcement of this Settlement Agreement shall be governed and interpreted by and under the laws of the State of Kansas.

5. <u>No Waivers, Modifications, Amendments</u>. No waiver, modification or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of the other provisions of this Settlement Agreement, and such party, notwithstanding such failure to require strict performance, shall have

the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

6. Agreement to Cooperate. The parties acknowledge that it is their intent to consummate this settlement, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement.

7. Sole and Entire Agreement. This Settlement Agreement constitutes the entire agreement of the parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Settlement Agreement.

8. Counterparts. This Settlement Agreement shall become effective upon its execution, subject to subsequent Court approval. The parties may execute this Settlement Agreement in counterparts, and execution in counterparts shall have the same force and effect as if McMillian had signed the same instrument. Any signature made and transmitted by facsimile or email for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement and shall be binding upon the signing party.

9. Corporate Signatories. Each counsel or other person executing this Settlement Agreement or any such related documents on behalf any party hereto warrants that such person has the authority to do so. Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all parties hereto that such person is duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

10.  **Captions**. The captions or headings of the paragraphs in this Settlement Agreement are inserted for convenience or reference only and shall have no effect upon the construction interpretation of any part of this Settlement Agreement.

Plaintiff

By: *Jay M<sup>c</sup> Millian*
Name: Jay McMillian

Date: 12/23/2019

BP Service, LLC

By: *Aaron Jacobs*
Name: AARON JACOBS
Title: OPERATIONS OFFICER

Date: 12-23-2019