## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAY McMILLIAN,

     **Plaintiff,**

v.

BP SERVICE, LLC,

     **Defendant.**

**Case No. 19-2665-DDC-TJJ**

## MEMORANDUM AND ORDER

This matter comes before the court on the parties' Renewed Joint Motion for Approval of Fair Labor Standards Act Settlement (Doc. 11).  For reasons explained below, the court grants the parties' motion.

### I.    Background

Plaintiff Jay McMillian filed this lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, alleging unlawful pay practices against defendant BP Service, LLC. Doc. 1.  Plaintiff worked as a store clerk in defendant's gas station and convenience store in Lenexa, Kansas, from January 2010 to August 21, 2019.  Doc. 1 at 2 (Compl. ¶ 8).  The Complaint alleges that defendant failed to pay plaintiff overtime compensation for all hours worked over forty hours in a work week.  *Id.* at 3 (Compl. ¶ 16).  Plaintiff filed his Complaint on October 29, 2019.  On December 10, 2019, the parties reached an agreement to settle the case. Doc. 8 at 2.  On December 23, 2019, they submitted a Joint Motion for Approval of Fair Labor Standards Act Settlement (Doc. 8).

To approve an FLSA settlement, the court must determine whether:  (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties, and

(3) the proposed settlement contains an award of reasonable attorneys' fees.  *Barbosa v. Nat'l Beef Packing Co., LLC.*, No. 12-2311-KHV, 2015 WL 4920292, at *5 (D. Kan. Aug. 18, 2015) (citing *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011)).

On February 28, 2020, the court denied the parties' motion for settlement approval.  Doc. 9.  The court concluded that the Settlement Agreement represented a fair and equitable settlement of a bona fide FLSA dispute.  Doc. 9 at 7.  But the court lacked sufficient information to approve an attorneys' fee award for plaintiff's counsel.  *Id.* at 6–7.  The court directed the parties to file a renewed motion, with the necessary information about attorneys' fees, if they wished to proceed with their settlement.  *Id.* at 7.  The parties now have filed a renewed motion (Doc. 11), which the court considers, below.

## II.   Attorneys' Fees Analysis

Plaintiff's counsel seeks an award of $5,347.40 in fees and expenses.  Doc. 11 at 6.  To determine the fee award's reasonableness, "[t]he Tenth Circuit applies a hybrid approach, which combines the percentage fee method with the specific factors traditionally used to calculate the lodestar."  *Barbosa*, 2015 WL 4920292, at *7 (first citing *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995); then citing *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994)).  This method calls the court to calculate a lodestar amount, "which represents the number of hours reasonably expended multiplied by a reasonable hourly rate."  *Solis v. Top Brass, Inc.*, No. 14-cv-00219-KMT, 2014 WL 4357486, at *4 (D. Colo. Sept. 3, 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (further citation omitted)); *see also Hobbs v. Tandem Envtl. Sols., Inc.*, No. 10-1204-KHV, 2012 WL 4747166, at *3 (D. Kan. Oct. 4, 2012).  The parties represent that the lodestar amount is $7,145.50, plus expenses of $465.00.  Doc. 11 at 7.

2

But the hybrid approach also requires the court to consider the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). *Barbosa*, 2015 WL 4920292, at *7. Those factors are:  (1) time and labor required; (2) novelty and difficulty of the questions presented in the case; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at *8 (first citing *Rosenbaum*, 64 F.3d at 1445; then citing *Johnson*, 488 F.2d at 717–19).

The court analyzes these factors below.

### 1.   Time and Labor Required

Plaintiff's counsel represents that they have devoted 23.2 attorney hours and 8.97 paralegal hours to this case. Doc. 11 at 8. Their work involved fact investigation, reviewing documents, communicating with plaintiff, calculating damages, and negotiating a settlement. Associate Sarah Ballew has recorded all of the attorney hours on this matter. *See* Doc. 11-2 at 3–5. Ms. Ballew's standard hourly rate is $250 per hour. Doc. 11-4 at 4 (Downey Aff. ¶ 10). Kathy Corcoran recoded all paralegal hours in this matter. *See* Doc. 11-2 at 2. Her hourly rate is $150 per hour. Doc. 11-4 at 4 (Downey Aff. ¶ 10). Counsel has provided an affidavit from Michael P. Downey, a legal ethics specialist. *Id.* Mr. Downey asserts by affidavit that, based on the prevailing fees in the local legal market, these rates are reasonable. *Id.* at 4 (Downey Aff. ¶ 10). Plaintiff's counsel asserts that their lodestar is $7,145.50, plus $465 in expenses. The

proposed settlement agreement awards plaintiff's counsel $5,347.40 in fees and expenses.  Since

the lodestar exceeds the attorneys' fee award provided in the Settlement Agreement, this factor

favors approval of the fee award.

### 2.  Novelty and Difficulty of the Questions Presented

Plaintiff's counsel asserts that this case presented several difficult questions:  (1)

plaintiff's FLSA classification, *i.e.*, whether plaintiff's job duties met FLSA's executive

exemption requirements, (2) the number of hours plaintiff actually worked, where plaintiff

alleges he worked more than forty hours per week, but did not maintain a record, and (3) whether

defendant committed "willful" FLSA violations, which extends the statute of limitations and

exposes defendant to liquidated damages.  Doc. 11 at 9.  The court concludes the challenge of

resolving these questions favors approving the fee award.

### 3.  Skill Requisite to Perform the Legal Service Properly

Plaintiff's counsel asserts that this case required "particularized skill and knowledge of

the FLSA duties test for the executive exemption and of the FLSA generally."  *Id.*  Ms. Ballew—

who devoted substantial time to this case—focuses her practice on state and federal wage and

hour cases involving individual plaintiffs and class and collective actions.  *Id.* at 12.  The court

concludes that this factor favors approving the requested fee.

### 4.  Preclusion of Other Employment

Plaintiff's counsel represents that settling this case required 23.2 attorney hours and 8.97

paralegal hours.  Doc. 11 at 8; Doc. 11-2 at 3–5.  And, plaintiff's counsel notes, its firm employs

just two attorneys, so devoting time to this matter represented a real risk to the firm and

diminished the time available to pursue other matters.  Doc. 11 at 8.  The court agrees that the

time spent litigating the case demonstrates that the lawsuit precluded plaintiff's counsel from working on other matters.  This factor favors approving the fee award.

### 5.   Customary Fee

The total settlement amount is $12,671.00.  Doc. 11-1 at 3.  Plaintiff's counsel seeks an award of $5,347.40 in fees and expenses.  *Id.*  The requested attorneys' fee award represents about 40% of the settlement amount, plus $465 in expenses.  Doc. 11 at 11.  Counsel asserts a 40% contingency fee agreement represents its typical arrangement in similar matters.  *Id.*  This factor favors approval.

### 6.   Whether the Fee is Fixed or Contingent

When considering the sixth *Johnson* factor, courts ask whether plaintiff agreed to a fixed or contingent fee because the percentage of the recovery agreed helps illuminate the attorneys' fee expectations when counsel accepted the case, even though "[s]uch arrangements should not determine the court's decision."  *Johnson*, 488 F.2d at 718 (quoting *Clark v. Am. Marine Corp.*, 320 F. Supp. 709, 711 (E.D. La. 1970)).

Counsel asserts that plaintiff agreed to a 40% contingency fee arrangement.  Doc. 11 at 11.  This factor favors approving the requested fee.

### 7.   Any Time Limitations Imposed

Plaintiff's counsel neglects to address this factor.  The court thus assumes it is, at best, a neutral factor in the analysis.

### 8.   Amount Involved and Results Obtained

Plaintiff's counsel has secured a favorable result for plaintiff.  Plaintiff alleges total unpaid overtime wages of $7,033.59 and seeks total liquidated damages of $14,067.18.  Doc. 11 at 4.  Under the Settlement Agreement (Doc. 11-1), plaintiff will receive $7,323.60.  So, he will

recover slightly more than his actual estimated overtime damages.  And defendant contested its liability, so the ultimate outcome of this litigation (had it not settled) remained in doubt.  This settlement avoids the uncertainty and rigors of trial and produces a favorable, certain result for plaintiff.  This factor favors approval of the fee award.

### 9.   Experience, Reputation, and Ability of the Attorneys

The court already has discussed the experience, reputation, and ability of the attorney, Ms. Ballew, above.  As noted, plaintiff's counsel has experience litigating employment cases, particularly FLSA cases.  This factor favors approval.

### 10.   Undesirability of the Case

Plaintiff's counsel doesn't explicitly address this factor.  Plaintiff's counsel notes that it assumed the risk of failing to recover the time and costs it invested in this matter.  But because the court already has taken into account the contingent fee arrangement, above, this factor is neutral in the analysis.

### 11.  Nature and Length of the Professional Relationship with the Client

Plaintiff's counsel never addresses this factor.  But, as our court has explained, "[t]he meaning of this factor . . . and its effect on the calculation of a reasonable fee has always been unclear, and courts applying the *Johnson* factors typically state that this particular standard is irrelevant or immaterial."  *Barbosa*, 2015 WL 4920292, at *12 (citing *Bruner v. Sprint/United Mgmt. Co.*, Nos. 07-2164-KHV, 08-2133-KHV, 08-2149-KHV, 2009 WL 2058762, at *9 (D. Kan. July 14, 2009) (further citation omitted)).  The court finds this factor immaterial here.

### 12. Awards in Similar Cases

Plaintiff's counsel asserts that the requested fee award is consistent with awards approved in similar cases.  As noted above, the requested fee here represents about 40% of the settlement

proceeds, plus $465 in costs.  Historically, our court has approved fee awards in FLSA cases ranging from "four per cent to 58 per cent of the common fund and resulted in total fee awards ranging from a few thousand dollars to over five million dollars."  *Barbosa*, 2015 WL 4920292, at *11 (citing *Bruner*, 2009 WL 2058762, at *7).  But a contingent fee of 40% is near the high end of fee awards that our court has approved.  *See, e.g.*, *Payson v. Capital One Home Loans, LLC*, No. 07-CV-2282-DWB, 2009 LEXIS 25418, at *10 (D. Kan. Mar. 26, 2009) (approving a 40% contingency fee, with the "express admonition that this award should not be used in future cases as evidence that a 40% fee is *per se* reasonable.").  In this context, though, the court agrees that a 40% fee is fair and reasonable.  Besides the discount from the lodestar, plaintiff agreed to the 40% contingency fee.

In sum, based on its analysis of the *Johnson* factors, the court concludes that the attorneys' fees requested are fair and reasonable.  The court thus grants plaintiffs' request for approval of the proposed attorneys' fees award.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' Renewed Joint Motion for Approval of Fair Labor Standards Act Settlement (Doc. 11) is granted.

**IT IS SO ORDERED.**

**Dated this 16th day of July, 2020 at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**